**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **BECKERICH, CHRISTY INDIVIDUALLY AND AS CLASS REPRESENTATIVE, et al** | **CASE NO. 1:21-CV-00576 (TSB)** <br><br> **HON. TIMOTHY S. BLACK** |
| **Plaintiffs,** | |
| v. | **PLAINTIFFS' MOTION FOR RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |
| **SAINT ELIZABETH MEDICAL CENTER, INC., et al** | |
| **Defendants.** | |

Pursuant to Fed. R. Civ. P. 65, and for the reasons enumerated in the Verified Complaint including Exhibits (which include a sworn Affidavit), and Affidavits attached and more to follow, Plaintiffs and all members of the proposed class move this Court for a preliminary injunction enjoining Defendants from forcing, ordering, and/or requiring Plaintiffs to be vaccinated by October 1, 2021, and from terminating them from employment, threatening directly or indirectly in any way to terminate, or in ANY way take adverse action against any Movant and/or Plaintiffs and any member of the proposed class of this class action based upon the vaccine mandate, including requiring said Plaintiffs to disclose whether or not they have been vaccinated or taking any action against them in reliance on any information contained in Plaintiffs' medical records.  In addition enjoying Defendants from indiscriminate Covid testing.

Unless defendants are enjoined by order of this court, Plaintiffs will suffer immediate and irreparable injury, loss, and damage as already alleged in this motion and as more fully described and set forth in the Verified Complaint and its Exhibits filed in this action. The Plaintiffs face the

1

immediate loss of more than their jobs. They face the immediate and irreparable damage and loss to their careers, reputations, privacy, health and financial losses.

The reasons for this Motion are detailed in the Verified Complaint and Exhibits and Plaintiffs reply upon same.

Courts must balance four facts of when considering whether to grant a preliminary injunction. In evaluating a request for a preliminary injunction, a district court must consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff will suffer irreparable injury without a preliminary injunction; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *McNeilly v. Land* 684 F.3d 611, 615 (6th Cir. 2012) (quoting *In re Eagle-Picker Indus., Inc.*, 963 F.2d 855, 858 (6th Cir. 1992)).

The four considerations applicable to preliminary injunctions are factors to be balanced and not prerequisites that must be satisfied." *In re Eagle-Picker Indus., Inc.*, 963 F.2d at 859. These factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements. *Northeast Ohio Coalition for the Homeless v. Husted*, 696 F.3d 580 (6th Cir. 2012).

When requesting the preliminary injunction, the movant need not prove the entire case. "[I]t is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Id.* (*quoting Six Clinic Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 402 (6th Cir. 1997) (Citation omitted)). As discussed below, these factors weigh in favor of raining a preliminary injunction here.

Lastly, when Plaintiffs have shown a substantial likelihood of success on the merits, as has been demonstrated here, "no substantial harm to others can be said to inhere in its enjoinment." Déjà vu of Nashville v. Metro Gov't of Nashville, 274 F.3d 377, 400 (6th Cir. 2001) (citing Connection Distrib. Co. v. Reno, 154 F.3d 281, 288 (6th Cir.1998)).

Constitutional violations are routinely recognized as triggering irreparable harm unless they are promptly remedied. *See e.g.., Elrod v. Burns,* 429 U.S. 347, 373 (1976) (loss of constitutional "freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"). In fact, "when an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Obergefell v. Kasich,* 2013 WL 3814262, at *6 (S.D. Ohio 2013); 11A Federal Practice and Procedure Civ. §2948.1 (3d ed. & Supp.).

For reasons discussed above, this Court should enter an order granting Plaintiffs' Motion for Preliminary Injunction to enjoin Defendants as requested.

Respectfully submitted,

/s/ Glenn D. Feagan
Glenn D. Feagan (#0041520)
Deters Law
5247 Madison Pike
Independence, Kentucky 41051
859-363-1900
gfeagan@feaganlaw.com

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(d) and other applicable law, I certify that on this 7th day of September 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ Glenn D. Feagan<br>Glenn D. Feagan (#0041520)

4